Per Curiam.

The appeal is by the Board of Regents and others from a final order of the Albany Special Term which determined that chapter 360 of the Laws of 1949, known as the “ Feinberg Law ” is unconstitutional.
Respondents on appeal move to strike the appeal from the calendar on the ground that the record and notice of argument were not served in sufficient time before this term, or in the alternative, adjourning the appeal to the next term.
They also move to refer the record back to the Special Term for correction of errors in its opinion. They move, additionally, to affirm the Special Term in a “ pro forma decision ”, which shall direct the appeal be heard in the Court of Appeals.
If the case is adjourned until the next term which commences March 6, 1950, the schedule of our terms is such that it cannot be decided here before the May term, which would delay submission of the question to the Court of Appeals by one side or the other until the summer or fall. We think such a delay in decision should be avoided in the interest of an early and ultimate determination of an important constitutional question.
This leads us to direct that the provisions of rules 12 and 13 of the Appellate Division Third Department Rules as to the time of service of the record, notice of argument and brief be waived. The appeal is placed at the foot of the January, 1950, calendar and will be heard when reached. The respondents on appeal and other parties interested in the questions involved and desiring to file briefs amicus curice may file and serve their briefs on or before February 1, 1950.
This court has jurisdiction of the merits of the appeal and has no election or choice in entertaining an appeal properly before it. It should not render a “ pro forma decision ”. Its duty is to consider fully, adequately and independently questions properly before it.
It certainly is without any power to direct that “ the appeal be heard in the Court of Appeals ”. Such a direction would not only be gratuitous; it would have no sanction under the appellate procedure provided by the Constitution and the statute. The record has been certified in accordance with law. If there are to be corrections in it they are to be made in the usual way by the Special Term, and if they do not go to the substance, as it is conceded they do not, such correction would not affect the course of the appeal.
The motion in each of its specifications should be denied.
Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.
The motion in each of its specifications is denied.